UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TRACY KROWEL

*Debtor*

Case No. 15-41826
Chapter 13

### MOTION OF SANTO ARCURI FOR RELIEF FROM
### THE AUTOMATIC STAY *NUNC PRO TUNC* AND TO DISMISS CASE

Santo Arcuri ("Arcuri") a creditor of the above-captioned debtor, Tracy Krowel (the "Debtor") hereby moves, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts ("MLBR"), for an order granting Arcuri relief from the automatic stay, *in rem*, in order to permit it to (i) complete the judicial sale of the property located at 49 Olde Colony Drive, Shrewsbury, Massachusetts (the "Olde Colony Drive Property"), and (ii) dismiss this bankruptcy case pursuant to 11 U.S.C. § 1307(c), because it was filed by the Debtor in bad faith. In support of this Motion, Arcuri states as follows:

### Background Facts

1.      This is the Debtor's fifth bankruptcy case filed during the last six years.  The first (09-44413) was dismissed because the Debtor's debts exceeded the jurisdictional limits for Chapter 13.  The second (10-41945) was dismissed for failure to file bankruptcy schedules, statements, and other documents.  The third (10-43004) was dismissed on a finding that the Debtor's failure to file documents in her second bankruptcy case was willful and done in an effort to hinder, delay and defraud creditors.  The fourth (11-43854) (the "2011 Bankruptcy Case") was converted to a Chapter 7 case, reopened on the Debtor's motion, and remains open.

2. In the 2011 Bankruptcy Case, Arcuri sought and received relief from the automatic stay to pursue a reach-and-apply action against the Debtor's interest in the 49 Olde Colony Drive Property. The Debtor claimed that the 49 Olde Colony Drive Property was owned by 49 Olde Colony Drive Realty Trust, and that the Debtor had no interest in the 49 Olde Colony Drive Property.

3. The case was tried before the Worcester Superior Court in June 2014. On November 4, 2014, the Superior Court found, in the Memorandum of Decision attached hereto as Exhibit A, that the Debtor and her husband used the 49 Olde Colony Drive Realty Trust in order to fraudulently shield the Property from the Debtor's creditors, and specifically from Arcuri.

4. On November 24, 2014, the Debtor filed a motion to reopen the 2011 Bankruptcy Case, which motion was eventually granted by order of this Court on May 7, 2015.

5. On May 20, 2015, the Debtor filed a motion to amend the bankruptcy schedules in the 2011 Bankruptcy Case, in order to assert the homestead exemption with respect to the Property. That motion was denied by order of this Court on June 11, 2015. The Debtor filed a Notice of Appeal with respect to that order, but voluntarily dismissed the appeal at 4:00PM on September 24, 2015—the day before the scheduled sale and filing of this bankruptcy case.

6. On June 30, 2015, Arcuri filed a motion in the 2011 Bankruptcy Case seeking an order requiring the Debtor to post a surety bond with respect to her appeal; the Court granted this motion by order dated July 9, 2015, which required that the Debtor, within 14 days, add Arcuri as a loss payee on the insurance covering the Property; either pay the sum of $52,000 into Court or to enter into a payment plan with the Town of Shrewsbury with respect to the payment of $52,000 in past-due real estate taxes; and to remain current on taxes and charges due to the Town of Shrewsbury.

7. The Debtor failed to comply with the Court's July 9, 2015 order, necessitating Arcuri to file a motion to compel compliance on July 24, 2015 (and the issuance of an Order to Show Cause by the Court on July 27, 2015.

8. The Debtor filed an Emergency Motion for a Stay Pending Appeal on August 3, 2015. The Court granted this motion on an interim basis— thus postponing the sale then scheduled for August 6, 2015— and scheduled the motion for further hearing on August 13, 2015, along with Arcuri's Motion to Compel and the Court's Show Cause order.

9. On August 12, 2015, the Debtor belatedly submitted evidence of a payment agreement with the Town of Shrewsbury with respect to past-due real estate taxes (though the agreement does not provide notice to Arcuri as required by the Court's July 9, 2015 order). The first payment under that plan is due on September 30, 2015. The Debtor also submitted evidence that Arcuri had been added to the insurance in effect with respect to the Property, as required by the Court's July 9, 2015 order.

10. On August 13, 2015, the Court found the Debtor to have violated the July 9, 2015 order, and sanctioned the Debtor in the sum of $2,500.00. The Court also dissolved the stay of the sale pending appeal, subject to reimposition if the Debtor posted a bond of $52,000 prior to the sale then scheduled for September 4, 2015.

11. Thereafter, on August 19, 2015, the Debtor recorded a Declaration of Homestead with respect to the Property, a copy of which is attached as <u>Exhibit B</u>.

12. The Debtor failed to make the payment required by the Court's August 13, 2015 order, necessitating the filing of a second Motion to Compel by Arcuri on August 21, 2015. By order dated August 26, 2015 the Court ordered the Debtor to make the $2500 payment no later than September 14, 2015.

13. On September 3, 2015 the Debtor commenced a new action in the Worcester Superior Court, asserting that the Arcuri was violating the Debtor's rights under the Homestead Act, and obtained, *ex parte*, a TRO preventing the sale scheduled for September 4, 2015 from proceeding. The Worcester Superior Court held a hearing on the continuance of the injunction on September 10, 2015, and on September 14, 2015 dissolved the injunction upon a finding that it had not been properly apprised of the terms of Judge Wrenn's judgment authorizing the sale of the Property by Arcuri. A copy of the docket sheet of this action is attached hereto as Exhibit C.

14. Also on September 14, 2015, the Debtor filed an emergency motion seeking additional time to make the payment of $2,500 ordered by the Court on account of the Debtor's failure to comply with the Court's July 9, 2015 orders, asserting that the Debtor does not have the financial ability to pay $2,500, is an employee of the Shrewsbury Public Schools, and would not be paid in that capacity until September 24, 2015, and would be able to make the payment at that time. On September 16, 2015, the Court granted an extension of time to make the payment until September 24, 2015.

15. Also on September 14, 2015, a Mortgage encumbering the Property was granted by Nicholas Fiorillo, Trustee of the 49 Olde Colony Drive Realty Trust (the entity found by Judge Wrenn to have been used to fraudulently shield the Debtor's assets from creditors) in favor of Nicholas Fiorillo and Frank Fiorillo, Trustees of the Fiorillo Family Revocable Trust, to secure unspecified sums. Nicholas Fiorillo is the husband of the Debtor, and was found by Judge Wrenn to have participated in the scheme to use bogus trusts in order to shield assets from creditors. A copy of this Mortgage is attached hereto as Exhibit D.

16. The Debtor failed to make the $2,500 payment, as ordered by this Court, on September 24, 2015. Also on September 24, 2015, the Debtor dismissed her appeal of this

Court's order denying her motion to amend her schedules and statements in the 2011 Bankruptcy Case. However, the Debtor <u>did not</u> dismiss the 2011 Bankruptcy Case, which remains open.

17. The Debtor did not make the $52,000 payment, as required by this Court in order to obtain a stay of the sale. The Debtor did file this new bankruptcy case— her fifth— two hours before the sale was scheduled to proceed. Because of the long pattern of the Debtor's conduct intended to hinder, delay, and defraud Arcuri, Arcuri elected to proceed with the sale and, now seeks *nunc pro tunc* approval of that sale, and the dismissal of this case, which is manifestly filed in bad faith.

### Relief Requested

18. This Court should grant Arcuri relief from the automatic stay, *nunc pro tunc*, for "cause" under section 362(d)(1) and *in rem* under section 362(d)(4)(A) of the Bankruptcy Code to complete the sale of the Property as ordered by the Worcester Superior Court, because the Debtor has filed this bankruptcy petition in bad faith, because Arcuri is not adequately protected as the Debtor has failed to make any payments on account of the past-due real estate taxes. *See In re Lane*, 108 B.R. 6, 11 (Bankr. D. Mass. 1989); *see also* 11 U.S.C. § 362(d)(4)(A).

I. **This Court should grant Arcuri relief from the automatic stay "for cause" because the Debtor has filed this bankruptcy petition in bad faith.**

19. This Court should dismiss this bankruptcy case because the Debtor's long pattern of conduct in this case constitutes bad faith, and is therefore cause for granting relief from the automatic stay under section 362(d)(1) and *in rem* under section (d)(4)(A) of the Bankruptcy Code. *See Little Creek Dev. Co. v. Comm. Mortgage Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1073 (5th Cir. 1986). In *Little Creek*, the 5th Circuit held that factors indicating that a bankruptcy petition was filed in bad faith could be "cause" for granting relief from the automatic

stay under 11 U.S.C. § 362(d)(1). *See id.* The court noted that the following factors (among others) indicate that a bankruptcy petition was filed in bad faith:

> (i) The debtor owns only one encumbered asset;
>
> (iv) The debtor has few, if any, unsecured creditors;
>
> (v) A foreclosure is in process, which the debtor has tried to prevent by defenses on the merits or by posting a bond;
>
> (vi) There are sometimes allegations of wrongdoing by the debtor. *Id.*

The presence of these factors indicates that the purpose of the bankruptcy petition is to "delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd)*, 849 F.2d 1393, 1394 (11th Cir. 1988). Such bad faith in filing a bankruptcy petition has been found to constitute "cause" for granting relief from the automatic stay. *See Little Creek*, 779 F.2d at 1073; *Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394; *see also In re Allen*, 300 B.R. 105, 122-23 (Bankr. D. Col. 2003) (finding that bankruptcy intended to delay and frustrate secured creditor warrants grant of relief from stay); *In re Weber*, 209 B.R. 793, 801 (Bankr. D. Mass. 1997) (finding that a debtor in a bankruptcy proceeding must exercise good faith at the proceeding's commencement, during its prosecution, and at confirmation).[1]

20. The Debtor's bankruptcy petition qualifies under nearly all of the relevant criteria identified by the *Little Creek* court. *See* 779 F.2d at 1073. The Debtor has already been found to have engaged in conduct intended to fraudulently conceal assets from her creditors, and Arcuri in particular. The Debtor asserted in the 2011 Bankruptcy case and at trial before the Worcester Superior Court, that the Debtor has no interest in the Property, in order to shield the Property from creditors. When the Superior Court found that the Property had been the subject of a

---

[1] *But see In re Victoria Ltd. P'ship*, 187 B.R. 54 (Bankr. D. Mass. 1995) (rejecting concept of requirement of good faith filing)

scheme to conceal assets from creditors, the Debtor returned to the Bankruptcy Court in an effort to assert homestead rights in the Property, as if there had never been such a scheme. When that effort failed, the Debtor sought and received further delays from this Court, but failed to comply with the Court's orders upon which such delays were conditioned. The Debtor obtained a further delay by filing a new civil action in Worcester Superior Court, but failed to apprise the judge considering the request for TRO of the terms of the judgment upon which Arcuri is acting. This Court should accordingly grant Arcuri relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. *See id.* Furthermore, because this Bankruptcy Case is one of a series of cases filed by the Debtor in bad faith, Arcuri requests that the Court grant relief from the automatic stay *in rem* pursuant to 11 U.S.C. § 362(d)(4).

### Disclosures Required by MLBR 4001-1(b)(2)

21. Arcuri makes the following disclosures in compliance with MLBR 4001-1(b)(2):

    A. Arcuri's claim against the Property totals $200,000.00 plus costs of sale. Arcuri's holds a judgment of the Worcester Superior Court directing that the Property be sold, and the proceeds of the sale, subject to a senior mortgage, be applied to Arcuri's claim (subject to a senior mortgage and real estate taxes).

    B. The amount and priority of all claims against the Property, to Arcuri's knowledge, is as follows:

        i. First, unpaid real estate taxes on the Property total, upon information and belief, approximately $52,000.00;

        ii. Second, the secured claim of the senior mortgagee, Daniel Rourke III, which totals approximately $216,000.00;

        iii. Third, Arcuri's interest of $200,000.00 plus costs of sale.

    C. The total debt secured by the Property is approximately $468,000.00, but over $49,000.00 in insurance proceeds was wrongfully converted.

    D. Arcuri estimates, upon information and belief and based on the statements made to the Bankruptcy Court throughout July and August 2015 in the

      2011 Bankruptcy Case, that the fair market value of the Property is approximately $550,000.00, and that the liquidation value of the Property is approximately $475,000.00 (bid at auction sale).

  E. Arcuri's claim against the Property is not secured by any collateral other than the Property.

  F. Arcuri has not made an assignment of his interest in the judgment directing the sale of the Property.

  G. No valid or enforceable Declaration of Homestead has been recorded with respect to the Property.

**II. This Court should grant dismiss this Bankruptcy Case "for cause" because the Debtor has filed this bankruptcy petition in bad faith.**

  22. For the reasons outlined above, the Court should dismiss this case because it has been filed by the Debtor in bad faith. 11 U.S.C. § 1307(c). The Debtor filed this case solely to delay Arcuri from exercising his rights, even though Arcuri sought and obtained relief from the automatic stay in a separate case, in which the Debtor has unsuccessfully attempted to thwart Arcuri's ability to enforce his rights, and which remains pending. *See In re Hodurski*, 156 B.R. 353, 356 (Bankr. D. Mass. 1993)("commencement of a Chapter 13 case during the pendency of a Chapter 7 case may indicate exploitation of the bankruptcy process"). *See also In re Studio Five Clothing Stores, Inc.*, 192 B.R. 998, 1007 (Bankr. D. Ca. 1993) (All bankruptcy cases must be filed in good faith.).

  23. The Debtor is attempting now exploit the bankruptcy process to impose further delay on the enforcement of Arcuri's rights through a new automatic stay, and to evade the consequences of the Debtor's long pattern of fraud, deceit, and refusal to comply with this Court's orders. As such, this case is filed in bad faith, and should be dismissed.

WHEREFORE, Santo Arcuri respectfully requests that this Court enter an order (i) granting Arcuri relief from the automatic stay, pursuant to 11 U.S.C. §§ 632(d)(1), (d)(2), and, *in rem*, pursuant to 11 U.S.C. §362(d)(4)(A), in order to permit him to exercise his rights against the Property; (ii) in the alternative, this dismiss this case because it was filed in bad faith; and (iii) granting such other and further relief as may be just and proper.

    Respectfully submitted,

    SANTO ARCURI,

    By its attorney,

    */s/ Evans J. Cater*
    Evans J. Carter, Esq. (BBO #076560)
    EVANS J. CARTER, P.C.
    860 Worcester Road, Second Floor
    Post Office Box 812
    Framingham, MA 01701
    Tel: (508) 875-1669 Fax: (508) 875-1449
    Email: ejcatty@verizon.net

Dated: September 28, 2015
       Framingham, Massachusetts

## Certificate of Service

I, Evans J. Carter, certify that, immediately upon receipt of the notice of electronic service, I will serve a copy of the Motion of Santo Arcuri for Relief from the Automatic Stay and/or to Dismiss Case by first class mail, postage prepaid to any of the parties on the attached service list not noted as having received electronic service on the Notice of Electronic Filing.

September 28, 2015

*/s/ Evans J. Carter*
Evans J. Carter

## Service List

Tracy Krowel
49 Olde Colony Drive
Shrewsbury, MA 01545

U.S. Trustee's Office
446 Main Street
Fourth Floor
Worcester, Massachusetts 01608