**COMMONWEALTH OF MASSACHUSETTS**

WORCESTER, ss.                                                                                  SUPERIOR COURT
                                                                                                CIVIL ACTION
                                                                                                NO. 2010-2552

SANTO ARCURI,
Plaintiff

vs.

TRACY KROWEL and JOHN B. RAIMO
as Trustee of the 49 Olde Colony Drive Realty Trust,
Defendants

## MEMORANDUM AND DECISION ON JURY WAIVED TRIAL

The plaintiff, Santo Arcuri pursuant to a verified complaint, has brought the present action in three counts seeking a declaratory judgment stating that the defendant Tracy Krowel is the one hundred percent beneficial owner of the property at 49 Olde Colony Drive, Shrewsbury, Massachusetts, that the transfer of the subject property to a trust was done in a fraudulent way to avoid the plaintiff creditor and finally the plaintiff seeks a court order that the property in question be sold and the net proceeds be reached and applied to the outstanding judgment.[1] In addition as Ms Krowel obtained a discharge in bankruptcy in 2006 the present action is proceeding against the property rights on the subject property which serves as collateral in this matter. See, In Re: Barbara Drake, 434 BR 11 (2010).

This matter was the subject of a jury waived trial on June 6 and June 9, 2014. The parties

---

[1] The outline of the plaintiff's claims as recited above is contained in the plaintiff's original verified complaint. The plaintiff filed an amended complaint alleging certain causes of action against Daniel Rourke, III. The plaintiff has agreed that Mr. Rourke has a valid mortgage so any judgement obtained shall be subject to that mortgage.



Entered and Copies Mailed 11/6/14

entered into evidence forty-three exhibits and the court received testimony from Erik Krowel, John Raimo, Attorney James Ehrhard, Daniel Rourke, III and Tracy Krowel.

## FACTS

I make the following findings of fact based on the credible evidence presented at trial. The plaintiff on or about June 25, 2009 received a judgment against the defendant Tracy Krowel in an amount of two hundred and fifteen thousand one hundred ninety eight ($215,198.00) dollars. This judgment arose as a result of the plaintiff filing an action in the Worcester Superior Court under Civil Action 06-838. In June of 2009, the property at 49 Olde Colony Drive in Shrewsbury, Massachusetts was deeded by Shrewsbury's Development Company, Inc. to 49 Olde Colony Drive Realty Trust. The purchase price for the property was three hundred ninety seven thousand four hundred ($397,400.00) dollars with approximately sixty thousand ($60,000.00) dollars being provided as a down payment and three hundred and forty one thousand ($341,000.00) dollars being secured by a first mortgage.[2]

The defendant Tracy Krowel is married to Nicholas Fiorillo. As a general proposition the Court finds the testimony of Erik Krowel to be credible and does not credit the testimony of Tracy Krowel and/or Attorney James Ehrhard. Thus, again as a general factual matter the Court finds that in fact the property at 49 Olde Colony Drive in Shrewsbury, Massachusetts was property purchased by Nicholas Fiorillo and Tracy Krowel as their primary residence. The couple had two children in 2009 and it was contemplated by both Nicholas Fiorillo and Tracy Krowel that the property would be put in trust so as to protect the property from then known creditors including the plaintiff. As will be discussed further in this opinion, the scheme at the time of the creation of the 49 Olde Colony

---

[2] This mortgage is the mortgage of Daniel J. Rourke, III which the plaintiff acknowledges is a valid mortgage.

Drive Realty Trust was to put the primary residence in trust in order to shield the asset from the legitimate debt of Tracy Krowel owed to the plaintiff.

The first witness to testify was Erik Krowel. Erik Krowel is the brother of the defendant Tracy Krowel she being his older sister. The Court credits Erik Krowel 's testimony in full and based on his testimony and his demeanor Mr. Krowel presented as a believable and credible witness. Erik Krowel resides in Fall River, Massachusetts and is the owner of a construction company. He describes a close personal relationship with his older sister the defendant Tracy Krowel and also became acquainted with and comes to know Ms. Krowel's husband Nicholas Fiorillo.

Mr. Krowel served as the first trustee for the 49 Olde Colony Drive Realty Trust occupying that position from the date of its creation in June of 2009 through his resignation in July of 2010. Erik Krowel served as the trustee at the request of Nicholas Fiorillo. At that time Mr. Fiorillo informed Mr. Krowel that neither he or his wife Tracy Krowel could have assets in their name due to ongoing debts. In addition Mr. Fiorillo stated that Mr. Krowel would be doing his sister a benefit by serving as the trustee since Tracy Krowel was the one hundred (100%) percent beneficiary of the realty trust. Mr. Krowel executed all of the appropriate documents for the creation of the trust, the transfer of the property, and the mortgage and notes necessary to finalize the relevant transactions. However, Mr. Krowel testified that he did not knowingly and voluntarily take on the responsibilities of trustee and in fact knew nothing about what his duties and responsibilities were to be as trustee. Mr Krowel only nominally became the trustee on paper due to threats and intimidation leveled against him by Nicholas Fiorillo. Mr. Fiorillo had involved Mr. Krowel in a real estate and construction deal with Mr. Fiorillo fraudulently preparing certain documents. Mr. Fiorillo then at the time of the creation of the trust used these issues in a threatening manner toward Mr. Krowel

essentially threatening him with significant financial loss should Mr. Krowel not agree to execute the relevant documents. The Court finds that Mr. Krowel executed the documents under extreme duress and intimidation and never became a trustee of the real estate trust. Thus, the real estate trust known as 49 Olde Colony Drive Realty Trust did not come into existence, but instead the property was owned by its one hundred (100%) percent beneficiary at that time the defendant Tracy Krowel.

The next witness to testify was John Raimo. Mr. Raimo by stipulation is the present trustee of the 49 Olde Colony Drive Realty Trust. Mr. Raimo is a childhood friend of Nicholas Fiorillo. Mr. Raimo became the trustee at the request of Nicholas Fiorillo and he did so as Nicholas Fiorillo told him the trust was being instituted to protect Mr. Fiorillo's finances. Mr. Raimo has no knowledge as to whether there was a lease between the trust and Mr. Fiorillo and/or Ms. Krowel for their use and occupancy of the property. In fact, he does not know if the trust is still in existence as of the time of trial. Mr. Raimo was not paid as a trustee and has no financial or other document evidencing any meaningful interaction with the trust, the beneficiaries or any of the ancillary needs of the trust.

The next witness to testify was James Ehrhard. Mr. Ehrhard is an attorney who practices primarily in bankruptcy law. The Court did not find Attorney Ehrhard to be a credible witness. Attorney Ehrhard was unprepared for his testimony, not having reviewed what clearly would have been obvious and necessary documents for him to review in order to testify. Attorney Ehrhard in his demeanor and presentation was evasive and uncooperative in his testimony.

The next witness to testify was Daniel Rourke. Mr. Rourke presently resides in Florida, but also has a home in Framingham, Massachusetts. As has been agreed Mr. Rourke has a valid first mortgage on the 49 Olde Colony Drive property. Mr. Rourke was paid regularly on the mortgage

from 2009 into 2011. These payments were made by Nicholas Fiorillo by check. The present payoff for the property is three hundred and sixty thousand ($360,000) dollars. Mr. Rourke confirmed the appropriate mortgage and security agreement entered into evidence at Exhibit 18. Mr. Rourke also based on his dealings with the property and Mr. Fiorillo believed that Mr. Fiorillo was the owner of the property.

The final witness to testify was Tracy Krowel. Ms. Krowel is the wife of Nicholas Fiorillo and resides from 2009 to the present at 49 Olde Colony Drive in Shrewsbury, Massachusetts with her husband and two young children. Ms. Krowel is a college graduate and is self employed in real estate. Ms. Krowel claimed in her testimony that Mr. Fiorillo had expressed to her that the children were the beneficiaries of the realty trust, however, the Court does not credit her testimony in this regard.

### DISCUSSION

Under Massachusetts law in order to create an express trust there must be an intent to create a trust, a specific trust res and identifiable beneficiaries. Curran v. Leroux, 157 B.R. 500, 509 (Bankr.D. Mass. 1993), citing Ventura v. Ventura, 407 Mass. 724, 727-728 (1990). The Court credits the testimony of Erik Krowel that the statement of beneficiaries was intentionally omitted from the trust documents and that the defendant Tracy Krowel and her husband intended to back date a statement of beneficiaries at some later time. In addition the very creation of the trust was a sham. Specifically, Nicholas Fiorillo had no intention of relinquishing any control over the management of the subject property and the one hundred percent beneficial owner of the property was Mr. Fiorillo's wife, the defendant, Tracy Krowel. This conclusion is in part supported by the testimony from Mr. Rourke that all mortgage payments from 2009 through into 2011 were by check from

Worcester Civil Action                              -6-                              No. 2010-2552

Nicholas Fiorillo. Further, both alleged trustees Mr. Krowel and Mr. Raimo clearly are straws with no knowledge or authority regarding the trust activities.

The established policy of the Commonwealth long has been that a settler cannot place property in trust for his own benefit and keep it beyond the reach of creditors. Ware v. Gulda, 331 Mass. 68, 70 (1954). See also Restatement (Second of Trust § 156, § 2) (where a person creates for his own benefit a trust or support or a discretionary trust his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit). The credible evidence establishes that Tracy Krowel was in fact the intended beneficiary of the trust. Therefore the property of the trust is not "beyond the reach of creditors". Ware, 331 Mass. at 70. This conclusion would be true regardless of whether the defendant Tracy Krowel intended a fraudulent transfer. See Restatement of Trust at § 156 comment A (the rules stated in this section are applicable although the transfer is not a fraudulent conveyance. The interest of the settler beneficiary can be reached by subsequent creditors as well as by those who were creditors at the time of the creation of the trust and it is immaterial that the settler-beneficiary had no intention to defraud his creditors).

However, factually in the present case the defendant Tracy Krowel did engage in a fraudulent transfer of the real estate so as to protect the real estate from creditors more specifically the plaintiff. See, G.L. c. 109A.

G.L. c. 109A, § 5(a) states in relevant part that a "transfer made by a debtor is fraudulent to the creditor, whether the creditor's claims arose before or after the transfer was made" if such transfer was made "with actual intent to hinder, delay or defraud any creditor of the debtor". § 5(b)

Worcester Civil Action                              -7-                              No. 2010-2552

specifies that "in determining actual intent consideration may be given, among other factors, to whether:

1. the transfer or obligation was to an insider;

2. the debtor retained possession or control of the property transferred after the transfer;

3. the transfer or obligation was disclosed or concealed;

4. before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

5. the transfer was of substantially all of the debtors's assets;

6. the debtor absconded;

7. the debtor removed or concealed assets;

8. the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

9. the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

10. the transfer occurred shortly before or shortly after a substantial debt was incurred; and

11. the debtor transferred the essential asset of the business to a lienor who transferred the assets to an insider of the debtor ".

In the factually credible evidence factors 2, 4, 5, 9 and 10 all weigh in favor of finding that the

Worcester Civil Action                                -8-                                No. 2010-2552

transfer here was indeed fraudulent. The defendant Tracy Krowel's assets were used to purchase the property some six days before the plaintiff received judgment against the defendant in the amount of two hundred and fifteen thousand, one hundred and ninety eight ($215,198.00) dollars and one day prior to judgment the defendant Ms. Krowel transferred the real estate into the trust at issue in which she named her brother as trustee. Some three hundred ninety seven thousand four hundred ($397,400.00) dollars was paid for the property with approximately sixty thousand ($60,000) dollars coming from assets in which the defendant Ms. Krowel owned or had an interest in and she was a guarantor of the mortgage in an amount of three hundred and forty one thousand ($341,000) dollars. Further, Erik Krowel credibly testified that the intent of the trust was in fact to avoid creditors and that he was being used as a straw man with no true connection to the property which participation on his part was done under threat and duress.

Since the transfer was fraudulent the plaintiff has broad rights under M.G.L. c. 109A, § 8A to obtain "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim", "an attachment or other provisional remedy against the asset", "an injunction against further disposition of the asset" and "any other relief the circumstances may require". Where the creditor has obtained a judgment on the claim against the debtor as is the case here the creditor "may levy execution on the asset transfer or its proceeds". G.L. c. 109A, § 8(b).

For the foregoing reasons the Court resolves Count I, II and III in the plaintiff's favor. The Court concludes that the defendant Tracy Krowel retained one hundred (100%) percent ownership in the property and a declaratory judgment pursuant to G.L. c. 231A, § 3 shall enter to that effect. The Court further determines that the defendant Tracy Krowel did fraudulently transfer property in violation of M.G.L. c. 109A and further orders that the property be sold and the net proceeds reached

and applied to pay the judgment owed by the defendant Tracy Krowel to the plaintiff.

## ORDER OF JUDGMENT

Based on the above court findings and analysis the court **ORDERS** judgment enter as follows:

1. As to Count I of the plaintiff's complaint the Court declares pursuant to M.G.L. c. 231A, § 3 that the defendant Tracy Krowel is the one hundred (100%) percent beneficial owner of 49 Olde Colony Drive, Shrewsbury, Massachusetts;

2. That the defendant Tracy Krowel did fraudulently transfer the property at 49 Olde Colony Drive, Shrewsbury, Massachusetts in violation of M.G.L. c. 109A and

3. The Court **ORDERS** that the real estate located at 49 Olde Colony Drive, Shrewsbury, Massachusetts which property is now standing in the name of John Raimo as Trustee of the 49 Olde Colony Drive Realty Trust shall be sold and the net proceeds of that sale shall be reached and applied to pay the outstanding judgment owed to the plaintiff by the defendant, Tracy Krowel.

_____
Daniel M. Wrenn
Justice of the Superior Court

DATED: November 4, 2014

Commonwealth of Massachusetts
County of Worcester
The Superior Court

CIVIL DOCKET# WOCV2010-02552

Santo Arcuri,
        Plaintiff(s)

vs.

Tracy Krowel and John B. Raimo as trustee of the 49 Old Colony Drive Realty Trust,
        Defendant(s)

## JUDGMENT ON FINDING OF THE COURT

This action came on for trial before the Court, Daniel M Wrenn (Justice), presiding, and the issues having been duly tried, and finding having been rendered,

**It is ORDERED and ADJUDGED and DECLARED:**

That:

1. As to count 1 of the plaintiff's complaint, the Court declares to M.G.L.c.231A SS2 that the defendant Tracy Krowel is the one hundred (100%) percent beneficial owner of 49 Old Colony Drive, Shrewsbury, MA.

2. As to count 2, the defendant Tracy Krowel did fraudulently transfer the property at 49 Olde Colony Drive, Shrewsbury, MA., in violation of M.G.L.c 109A and

3. As to counts 3 & 4, the Court ORDERS that the real estate located at 49 Olde Colony Drive., Shrewsbury, MA which property is now standing in the name of John Raimo as trusteee of the 49 Olde Colony Drive Realty Trust shall be sold and the net proceeds of that sale shall be reached and applied to pay the outstanding judgment owed to the plaintiff's by the defendant, Tracy Krowel.

Judgement shall enter with costs of action, as provided by law.

Dated at Worcester, Massachusetts this 5th day of November, 2014.

Bk: 54308 Pg: 78
Page: 1 of 1 09/17/2015 03:57 PM WD

True copy by photostatic process
Attest:
   Asst. Clerk

By: ___Catherine Brenna___
           Assistant Clerk

Entered and Copies Mailed 11/6/14

cvdjudtrip.wpd 1887248 judtrip brennanc

ATTEST: WORC. Anthony J. Vigliotti, Register