Bk: 54289 Pg: 77
Page: 1 of 6  09/14/2015 11:37 AM  WD
2015 00084847

## MORTGAGE

Nicholas Fiorillo, as trustee of The 49 Olde Colony Drive Realty Trust, u/d/t recorded at the Worcester County Registry of Deeds at B. 44475 and P. 185, with a mailing address of 49 Olde Colony Road, Shrewsbury, Worcester County, Massachusetts 01545, (hereinafter referred to as the "Mortgagor"), **FOR CONSIDERATION PAID, HEREBY GRANT** to Frank Fiorillo and Nicholas Fiorillo, as trustees of The Fiorillo Family Revocable Trust with a mailing address of 49 Olde Colony Road, Shrewsbury, Worcester County, Massachusetts 01545, (hereinafter referred to as the "Mortgagee"), with **MORTGAGE COVENANTS**, to secure the payment of all obligations of Mortgagor to Mortgagee as provided in a promise to pay or promissory note dated or effective as of June 24, 2009 (the "Promissory Note"), given by the Mortgagor to the Mortgagee securing the obligations of Promissory Note to the Mortgagee, and also to secure the payment and performance of all debts, liabilities and obligations of Mortgagor to Mortgagee of every kind and description, direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, including, without limiting the generality of the foregoing, any debt, liability or obligations of Mortgagor to others which Mortgagee may have obtained by assignment or otherwise, including without limitation, all interest, fees, charges and expenses, the following lands described as follows:

1. 49 Olde Colony Road, Shrewsbury, Worcester County, Massachusetts 01545.

A detailed description of the above property, which is fully incorporated herein, see Deed recorded at the Worcester County Registry of Deeds at B. 44475 and P. 190. The above described lands are incorporated herein by this reference, together with any and all improvements now or hereafter situated thereon.

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to remain a part of the lands covered by this Mortgage; and all of the foregoing, together with said lands are hereinafter referred to as the "Property".

Mortgagor covenants that Mortgagor is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Mortgagor covenants that Mortgagor warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

MORTGAGOR AND MORTGAGEE COVENANT AND AGREE AS FOLLOWS:

1. <u>Payment of Principal and Interest</u>. Mortgagor shall perform all of the covenants and agreements contained in the Promissory Note.
2. <u>Prior Mortgages and Deeds of Trust; Charges; Liens</u>. Mortgagor shall perform all of Mortgagor's obligations under any mortgage, deed of trust or other security agreement with a

1


EXHIBIT D

lien which has priority over this Mortgage, including Mortgagor's covenants to make payments when due. Mortgagor shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage.

3. **Hazard Insurance**: Mortgagor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Mortgagee may require and in such amounts and for such periods as Mortgagee may require.

The insurance carrier providing the insurance shall be chosen by Mortgagor subject to approval by Mortgagee; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Mortgagee and shall include a standard mortgage clause in favor of and in a form acceptable to Mortgagee. Mortgagee shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Mortgagor shall give prompt notice to the insurance carrier and Mortgagee. Mortgagee may make proof of loss if not made promptly by Mortgagor.

If the Property is abandoned by Mortgagor, or if Mortgagor fail to respond to Mortgagee within 30 days from the date notice is mailed by Mortgagee to Mortgagor that the insurance carrier offers to settle a claim for insurance benefits, Mortgagee is authorized to collect and apply the insurance proceeds at Mortgagee's options either to restoration or repair of the Property or to the sums secured by this Mortgage.

4. **Preservation and Maintenance of Property**. Mortgagor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property.

5. **Protection of Mortgagee's Security**. If Mortgagor fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Mortgagee's interest in the Property, then Mortgagee, at Mortgagee's option, upon notice to Mortgagor, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Mortgagee's interest. Any amounts disbursed by Mortgagee pursuant to this paragraph 5, together with interest thereon, at the rate charged to under the Note, shall become additional indebtedness of Mortgagor secured by this Mortgage. Unless Mortgagor and Mortgagee agree to other terms of payment, such amounts shall be payable upon notice from Mortgagee to Mortgagor requesting payment thereof. Nothing contained in this paragraph 5 shall require Mortgagee to incur any expense or take any action hereunder.

6. **Inspection**. Mortgagee may make or cause to be made reasonable entries upon and inspections of the Property, provided that Mortgagee shall give Mortgagor notice prior to any such inspection specifying reasonable cause therefor to Mortgagee's interest in the Property.

7. **Condemnation**. The proceeds of any award or claim for damages direct or consequential, in connection with any condemnation or other taking the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Mortgagee,

subject to the terms of any mortgage or other security agreement with a lien which has priority over this Mortgage.

8. <u>Mortgagor not Released; Forbearance by Mortgagee not a Waiver</u>. Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Mortgagee to any successor in interest of Mortgagor shall not operate to release, in any manner, the liability of the original Mortgagor and Mortgagor's successors in interest. Mortgagee shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Mortgagor and Mortgagor's successors in interest. Any forbearance by Mortgagee in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right of remedy.

9. <u>Successors and Assigns Bound; Joint and Several Liability; Co-signers</u>. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Mortgagee and Mortgagor, subject to the provisions of paragraph 12 hereof. All covenants and agreements of Mortgagor and successors shall be joint and several.

10. <u>Notice</u>. Except for any notice required under applicable law to be given in another manner, (a) any notice to Mortgagor provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail return receipt requested addressed to Mortgagor at:

49 Olde Colony Road, Shrewsbury, Worcester County, Massachusetts 01545

or at such other address as Mortgagor may designate by notice to Mortgagee as provided herein, and (b) any notice to Mortgagee shall be given by certified mail return receipt requested to Mortgagee's address stated herein or to such other address as Mortgagee may designate by notice to Mortgagor as provided herein and said notice shall reference the Mortgagor's loan number/s and /or obligor number or other sufficient description. Any notice provided for in this Mortgage shall be deemed to have been given to Mortgagor or Mortgagee when given in the manner designated herein.

11. <u>Governing Law; Severability</u>. The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. In the event that any provisions or clause of this Mortgage or the Promissory Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Promissory Note which can be given effect without the conflicting provisions, and to this end the provisions of this Mortgage and the Promissory Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

3

12. **Transfer of the Property.** If Mortgagor sell or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) a transfer by device, descent, or by operation of law upon the death of a joint tenant, (c) a transfer for nominal consideration to a person who, at the time of execution of this Mortgage, is a joint tenant of the Property, or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Mortgagee may declare all of the sums secured by this Mortgage to be immediately due and payable. If Mortgagee exercises such option to accelerate, Mortgagee shall mail Mortgagor notice of acceleration in accordance with paragraph 10 hereof. Such notice shall provide a period of not less than 10 days from the date the notice is mailed or delivered within which Mortgagor may pay the sums declared due. If Mortgagor fail to pay such sums prior to the expiration of such period, Mortgagee may, without further notice or demand on Mortgagor, invoke any remedies permitted by paragraph 14 hereof. Mortgagor will continue to be obligated under the Promissory Note and this Mortgage unless Mortgagee releases Mortgagor in writing.

13. In the event the legal or beneficial ownership of said premises, or any portion thereof or interest therein, becomes vested in anyone other than the Mortgagor, or upon the death of, or appointment of a guardian or conservator for, the Mortgagor or any endorsers (other than an endorser without recourse) of the Promissory Note secured hereby, the entire mortgage debt shall, at the option of the Mortgagee, become due and payable on demand, provided, however, that the Mortgagee may, without notice to the Mortgagor, deal with the Mortgagor' successor or successors in interest with reference to the mortgage and the debt secured hereby in the same manner as with the Mortgagor without in any way vitiating or discharging the Mortgagor' liability or obligations with respect to this mortgage or the debt secured hereby. No sale of the premises hereby mortgaged and no forbearance on the part of the Mortgagee or extension of the time for the payment of the debt secured hereby or any other indulgence given by the Mortgagee shall operate to release, discharge, modify, change or affect the original liability of the Mortgagor, nor the priority of this mortgage either in whole or in part, notice of such forbearance, extension or other indulgence being hereby expressly waived.

14. **Acceleration: Remedies: Statutory Power of Sale.** Except as provided in paragraph 13 hereof, upon Mortgagor's breach of any covenant, conditions or agreement contained in this mortgage or in any instrument given in connection with the Promissory Note and debt secured hereby, or in any other mortgage, debt or obligation of or from the Mortgagor to the Mortgagee shall constitute a default hereunder, and upon such default the entire debt secured hereby, shall become due and payable at the option of the Mortgagee, and the Mortgagee shall have the **Statutory Power of Sale** as hereinafter provided.

In case any provision of said Promissory Note, this Mortgage, or any instrument executed by any person or organization in connection therewith shall be found unenforceable or invalid for any reason, the enforcement of any other provision hereof shall not be impaired thereby, and such provision shall be deemed modified to the extent necessary to be enforceable, or if such modification is not practicable, shall be deleted from this Mortgage.

This Mortgage is upon the **STATUTORY CONDITION** and, upon the further condition that all covenants and agreements of the Mortgagor in said Promissory Note, this Mortgage, all

4

other instruments executed in connection therewith and in all other mortgages, debts and obligations of or from the Mortgagor to the Mortgagee shall be kept and fully performed, and upon any breach of the same Mortgagee shall have the **STATUTORY POWER OF SALE** and any other powers given by statute.

15. **Fees and Expenses.** If the Mortgagee shall become involved in any action or course of conduct with respect to the Property, or other security for the Promissory Note secured hereby, in order to protect its interest therein, including without limitation, the Mortgagee's commencement and prosecution of foreclosure proceedings; its involvement in bankruptcy proceedings concerning the Mortgagor; the Mortgagee's entering the premises, care and management thereof; or its defending or participation as a party in any action at law or in equity brought by the Mortgagor or any other person or organization with respect to the premises (or other security for the debt secured hereby), the Mortgagor shall reimburse the Mortgagee for all charges, costs and expenses incurred by the Mortgagee in connection therewith, including without limitation attorneys' fees.

If Mortgagee invokes the **STATUTORY POWER OF SALE**, Mortgagee shall mail a copy of a notice of sale to Mortgagor, and to any other person required by applicable law, in the manner provided by applicable law. Mortgagee shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Mortgagee or Mortgagee's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

This loan is exempt from the consumer credit disclosure requirements of G.L. c.140D, §2, since the proceeds of the loan secured by this mortgage are used solely for business or commercial purposes. None of the proceeds are used for personal, family or household purposes.

16. [deleted]

17. **Request for Notice of Default and Foreclosure under Superior Mortgages.** Mortgagor and Mortgagee request the holder of any mortgage, or other encumbrance with a lien which has priority over this Mortgage to give Notice to such Mortgagee, at Mortgagee's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

18. **Covenants Regarding Senior Lien.** (i) Mortgagor shall not modify, amend, extend, refinance, renew, or borrow any additional amounts under any mortgage to which this mortgage is at any time subject or subordinate, or the debt or other obligation secured thereby, without the prior written consent of the holder hereof; (ii) Any default under any such prior mortgage or the obligations secured thereby, of which default Mortgagee has knowledge, shall be a default hereunder, and the Mortgagee shall be entitled (but not obligated) to cure said default and shall be reimbursed by the Mortgagor for all reasonable costs, charges, and expenses,

5

including without limitation reasonable attorney's fees, incurred in connection therewith, and all sums to which the Mortgagee may be entitled to reimbursement shall be added to the principal sum of the debt secured hereby; shall earn interest at the same rate payable from time to time under the Note, shall be secured by this mortgage and shall be payable on demand of the Mortgage, whether or not the remaining balance of said principal sum shall have been declared due and payable.

WITNESS the execution hereof under seal this 14 day of Sept, 2015.

Mortgagor:

The 49 Olde Colony Drive Realty Trust, u/d/t recorded at the Worcester County Registry of Deeds at B. 44475 and P. 185.

_____
By: Nicholas Fiorillo, as trustee

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                            September 14, 2015

Then personally appeared the above named Nicholas Fiorillo, as trustee and acknowledged the foregoing instrument to be his/her/their free act and deed before me as trustee of the 49 Olde Colony Drive Realty Trust.

_____
Notary Public
My commission expires: 1-29-21

VICTORIA STEELE
Notary Public, Commonwealth of Massachusetts
My Commission Expires January 29, 2021