UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | |
| ) | |
| Tracy L. Krowel ) | Chapter 13 |
| ) | Case No. 15-41826 |
| Debtor. ) | |
| ) | |

**DEBTOR'S OPPOSITION TO "MOTION OF SANTO ARCURI FOR RELIEF FROM THE AUTOMATIC STAY *NUNC PRO TUNC* AND TO DISMISS CASE"**

Now comes the Debtor, Tracy Krowel, by counsel, and respectfully requests that this Honorable Court deny the Motion filed by Santo Acuri ("Acuri") for Relief from the Automatic Stay *nunc pro tunc* and to Dismiss Case. In support thereof, the Debtor states in response the following:

Ms. Krowel filed the above captioned chapter 13 bankruptcy *pro se* on September 25, 2015 for the purpose of reorganizing her secured and unsecured debts in a repayment plan payable over five years. Although the timing of the bankruptcy occurred to stop a pending "auction" by Acuri, Ms. Krowel also filed to resolve other unsecured and secured debts as indicated by the creditor Matrix filed by Ms. Krowel.

The procedural history between Acuri and Ms. Krowel is long and, quite frankly, bitter but that history does not equate with "bad faith". [1]The aggressive procedural history between

---

[1] It is ironic that Acuri in his Motion grounds his basis for dismissal and *nunc pro tunc* relief on the asserted "bad faith" actions of Ms. Krowel. In fact, Acuri knowingly, intentionally and willingly went forward with an "auction" on Ms. Krowel's house after the above captioned Chapter 13 was filed. The undersigned counsel has watched a video taken of the auction and Acuri's counsel blatantly concedes that he is aware of the pending Chapter 13 and the automatic stay provisions of such filing. He states in the video that he is disregarding it because he will simply get Relief *nunc pro tunc*. Regardless of the confidence a creditor may have the Automatic Stay is the core of the bankruptcy code and a creditor has no right to simply disregard it. Ms. Krowel has procedural rights. Indeed, Acuri even sent a Motion under local rule 9A of the Worcester Superior Court on September 29, 2015 to enforce the auction, all with full knowledge that a Hearing has not even occurred on his Motion to Dismiss and for *nunc pro tunc* relief. It is hard to conceive of a more blatant disregard of the bankruptcy code and its automatic stay provision.

Acuri and Ms. Krowel does not vitiate the fact that Ms. Krowel has a statutory right to re-organize her debts under Chapter 13 of the Bankruptcy Code.

Ms. Krowel, in further opposition, responds to Acuri's numbered paragraphs in his Motion as follows:

1. Ms. Krowel received a Discharge in her chapter 7 bankruptcy in 2011. The assertion that she is serial-filer is a red-herring in that the previous four bankruptcies were dismissed soon in their process and because of minor procedural failures. It has been more than four years since her last bankruptcy was filed and the bankruptcy code allows the filing of a chapter 13 bankruptcy after that period of time.

2. Ms. Krowel admits the assertions in paragraph 2.

3. Ms. Krowel concedes that the Worcester Superior Court determined that Ms. Krowel has legal ownership of her home (either outright title or beneficiary). Ms. Krowel denies the remaining assertions in paragraph 3.

4. Ms. Krowel admits the assertions in paragraph 4.

5. Ms. Krowel admits the assertions in paragraph 5.

6. Ms. Krowel admits the assertions in paragraph 6.

7. Ms. Krowel concedes that she was not able to comply with the Order in full by that stated deadline.

8. Ms. Krowel admits the assertions in paragraph 8.

9. Ms. Krowel concedes that she was able to negotiate a repayment plan with the Town of Shrewsbury. Ms. Krowel further states that this plan was never solidified as Judge Hoffman further required the posting of a bond. Lastly, Ms. Krowel states that the

above captioned Chapter 13 repayment plan will pay all pre-petition taxes over the course of the Plan.

10. Ms. Krowel admits the assertions in paragraph 10.

11. Ms. Krowel admits that she filed a Declaration of Homestead. She further states that she had already in place a statutory Homestead.

12. Ms. Krowel admits the assertions in paragraph 12.

13. Ms. Krowel admits that she filed a lawsuit in the Worcester Superior Court for the specific purpose of seeking relief from the manner and procedure being utilized by Acuri to "auction" Ms. Krowel's home. Among the concerns are the failure to utilize a proper sheriff's sale and the protection of the Homestead. Notably, it was <u>Acuri</u> who filed his Motion to Strike Ms. Krowel's homestead (docket #155) in an attempt to circumvent the state court process in order to allow his auction to go forward unfettered. Judge Hoffman's Order s in regards to the matters of the propriety of the auction procedure and homestead could be no clearer – "This Motion must be determined by the State Court" (see docket numbers 160 and 161).

Acuri decided to ignore that Order and continued with the auction as scheduled. It was Ms. Krowel who filed the lawsuit to protect her state court rights. The Worcester Superior Court did not make the TRO a permanent injunction; but the court also did not determine as of yet whether the procedure being utilized in the auction is correct and the status of Ms. Krowel's homestead rights.

14. Ms. Krowel admits the assertions in paragraph 14.

15. Ms. Krowel admits that the Registry of Deeds shows the filing of such a mortgage.

16. Ms. Krowel admits that she has not paid the $2,500.00 funds owed to Acuri's counsel but, as stated at length in her Opposition to Acuri's Motion to compel her to pay (see docket #178), such funds will be paid through the claims process of the above captioned Chapter 13 bankruptcy case.

17. Ms. Krowel actually does not have a pattern of conduct intended to hinder, delay and defraud Acuri. As stated above, the continued repeated refarin by Acuri that Ms. Krowel has filed five bankruptcies is a red herring. Ms. Krowel received a discharge in her 2011 chapter 7 bankruptcy and has not filed another bankruptcy since then and until the above captioned Chapter 13 bankruptcy. If Ms. Krowel's five bankruptcies indeed were evidence of a pattern of misconduct, how exactly did she receive a chapter 7 discharge in 2011 without any opposition? Because there is and was no such pattern. Acuri is seeking to avoid the failures of his own conduct in regards to the "auction" process and homestead protections; this is why he so vigorously opposes the current Chapter 13 bankruptcy.

18. One of the reasons that Ms. Krowel filed the above captioned Chapter 13 bankruptcy is to resolve the outstanding property tax obligations. Chapter 13 is designed for the specific purpose of resolving priority and secured debt such as property taxes.

19. As stated above, Ms. Krowel actually does not have a long term pattern of misconduct. The legal battle between Acuri and Ms. Krowel has been vigorous and this is only because Acuri has a pattern of avoiding the proper manner and procedure in attempting to collect the asserted debt against Ms. Krowel. The "pattern of misconduct" asserted by Acrui *ad nauseum* is nothing more that Ms. Krowel defending her state court rights. Acuri has not attempted to dismiss the state court

lawsuit brought by Ms. Krowel upon Judge Hoffman's order to seek an answer in the state court as to the Homestead exemption and the proper procedure for an auction. He has not done so because the lawsuit is valid and he is avoiding the consequences of his actions.

20. Ms. Krowel's bankruptcy petition does not qualify under the criteria of a bad faith filing. The Worcester Superior Court determined that Ms. Krowel owns the home that she lives in. This determination gives rise to certain statutory protections and exemptions, namely the homestead and lien removal. Ms. Krowel reopened her Chapter 7 bankruptcy for the purpose of utilizing those rights.

Judge Hoffman allowed the case to be re-opened but further determined that the ability to amend Schedules A (and, in turn, C) is fact specific. Judge Hoffman readily admitted it was a "close call" because other circuit courts of Appeal say otherwise (i.e. automatic right to amend and no right to amend at all). The issue of amending the schedules was ripe for appeal (and, indeed, not surprising in light of Judge Hoffman's statement that it was a "close call").

Unfortunately, Ms. Krowel could not afford to pay the taxes to receive a stay of Acuri's "auction" pending appeal and could not afford a bond to receive a stay pending appeal.

Ms. Krowel had the ability to file a Chapter 13 bankruptcy when she chose to re-open the prior Chapter 7 bankruptcy. Judicial efficiency advised re-opening the previous

Chapter 7. But her financial constraints gave her no choice but to open a Chapter 13 bankruptcy estate and receive the protections therein. These actions by Ms. Krowel do not rise to bad faith. Quite the opposite. They equate with vigorously protecting herself from an aggressive creditor who runs around the proper state law procedure for debt collection.

21. Ms. Krowel fully agrees with Acuri that there is more than enough equity to protect Acuri's interests while the Chapter 13 bankruptcy proceeds.

22. Ms. Krowel asserts that this form of relief is not proper or justified under the circumstances.

23. As stated above, Ms. Krowel is vigorously protecting herself from an aggressive creditor who runs around the proper state law procedure for debt collection. It is a proper and good faith use of Chapter 13 of the bankruptcy code.

WHEREFORE, the Debtor respectfully requests that this Honorable Court deny Relief from the Automatic Stay *nunc pro tunc* and not Dismiss the case.

>Respectfully submitted,
>Tracy Krowel,
>By her attorney,
>/s/James P. Ehrhard_____
>James P. Ehrhard (BBO#651797)
>Ehrhard & Associates, P.C.
>250 Commercial Street, suite 410
>Worcester, MA 01608
>(508) 791-8411
>e-mail: ehrhard@ehrhardlaw.com

Dated: October 6, 2015

## CERTIFICATE OF SERVICE

      I, James P. Ehrhard, do hereby certify that upon receipt of the notice of electronic service, I will immediately serve a copy of the above Opposition via first class mail to the parties listed below if not noted as having received electronic service:

Richard King, Esq. (Office of the U.S. Trustee) - VIA ECF

Joseph Baldiga, Esq. (Chapter 7 Trustee) – VIA ECF

Evan J. Carter, Esq. – VIA ECF


                                                                 /s/ James P. Ehrhard     
                                                                 James P. Ehrhard, Esq.


Dated: October 6, 2015

ACS
POB 7051
Utica, NY 13504

AMC Mortgage Services
505 City Parkway West, Ste 100
Orange, CA 92868

Argent Healthcare Financial Service
10 Tara Boulevard, Ste 410
Nashua, NH 03062

Bank Of America
POB 15019
Wilmington, DE 19886

Capital Management Services, LP
726 Exchange St., Ste 700
Buffalo, NY 14210

Capital One
POB 71083
Charlotte, NC 28272

Capital One Bank (USA), N.A. by American InfoSourc
PO Box 71083
Charlotte, NC 28272-1083

Chase Cardmember Service
POB 15153
Wilmington, DE 19886

Citifinancial
POB 6931
The Lakes, NV 88901

Citizens Bank
POB 42001
Providence, RI 02940

Daniel Rourke
PO Box 2627
Framingham, MA 01703

Erik Krowel
C /O The Phillips Law Offices, LLC
55 Jefferson Blvd, Lower Suite
Warwick, RI 02888

FIA Card Services
POB 15019
Wilmington, DE 19886

FIA CARD SERVICES, N.A.
PO Box 15102
Wilmington, DE 19886-5102

First Premier Bank
POB 5519
Sioux Falls, SD 57117

Goal Financial
9477 Waples St., Ste 100
San Diego, CA 92121

Harding Pediatrics LLP
45 Oak Avenue
Worcester, MA 01605

HFC
POB 5233
Carol Stream, IL 60197

HSBC Bank
POB 5253
Carol Stream, IL 60197

Little Beginnings
30 Floral St
Shresbury, MA 01545

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding LLC
C/O Richard J. Boudreau & Assc., LLC
5 Industrial Way
Salem, NH 03079

LVNV Funding LLC its successors and assigns as
assignee of CitiFinancial Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Macy's
POB 689195

Des Moines, IA 50368

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA 92123

NStar
POB 4508
Woburn, MA 01888

Ohio Savings Association
1801 E 9th St., Ste 200
Cleveland, OH 44114

Old Navy
C/O Lustig, Glaser & Wilson, PC
POB 9127
Needham, MA 02492

Quantum3 Group LLC as agent for
Elite Recovery Acquisitions LLC
PO Box 788
Kirkland, WA 98083-0788

RJM ACQ LLC
575 Underhill Blvd., Suite 224
Syosset, NY 11791

Rjm Acquisitions Llc
575 Underhill Blvd, Suite 224
Syosset, NY 11791

Santo Arcuri
c/o Evans J. Carter, Esq.
P.O. Box 812
Framingham, MA 01701

SELCO
100 Maple Ave
Shrewsbury, MA 01545

Southcoast Medical
7044 Hodgson Memorial
Savannah, GA 31406

Spiegel
POB 9204
Old Bethpage, NY 11804

Town Of Shrewsbury
Office Of The Collector Of Taxes
100 Maple Ave.
Shrewsbury, MA 01545

US Dept. Of Treasury
Credit Bureau Reporting
POB 830794
Birmingham, AL 35283

Verizon Wireless
POB 15062
Albany, NY 12212

Verizon Wireless
PO BOX 3397
Bloomington, IL 61702

Victoria's Secret
POB 182125
Columbus, OH 43218

Washington Mutual Bank
2000 Oxford Drive
Bethel Park, PA 15102

Webster First Federal Credit Union
1 North Main Street
Webster, MA 01570

Wells Fargo Financial Cards
POB 98791
Las Vegas, NV 89193

WFNNB/Newport News
POB 659705
San Antonio, TX 78265